IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 15-cr-00205-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DANIEL FRANCIS,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on defendant Daniel Francis' November 9, 2016 letter requesting that the Court credit his sentence with the time he spent in a halfway house before sentencing.  Docket No. 170.  On December 7, 2016, Mr. Francis filed his Motion for Judicial Determination of Pending Motion for Time Served in Pre-Sentence Confinement [Docket No. 171] seeking the same relief.

Pursuant to 18 U.S.C. § 3582(c), the district court loses jurisdiction over a case after sentencing and the Bureau of Prisons, not the district judge, determines whether the defendant should receive credit for time spent in custody.  *See* § 3585(b); *United States v. Wilson*, 503 U.S. 329 (1992) (BOP determines credit issues, not the district court); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004) (although Section 3585(b) calls for a defendant to receive credit for time served, the calculation is left up to the BOP and not the sentencing court).  Therefore, following sentencing, a defendant must bring his or her request for sentence credit to the Bureau of Prisons in the first

instance and thereafter seek judicial review of the Bureau's determination. Before seeking judicial review under § 3585(b), prisoners must exhaust administrative remedies. *Id.; Buchanan v. U.S. Bureau of Prisons*, 133 F. App'x 465, 467 (10th Cir. 2005) (unpublished).

      Wherefore, Mr. Francis' November 9, 2016 letter [Docket No. 170], construed as a motion for credit for time served, and Motion for Judicial Determination of Pending Motion for Time Served in Pre-Sentence Confinement [Docket No. 171] are denied.

      DATED December 30, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge